Arthur v Galletti (2019 NY Slip Op 07020)





Arthur v Galletti


2019 NY Slip Op 07020


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9957 350016/16

[*1]Vera Arthur, Plaintiff-Respondent-Appellant,
v
Gabriele Galletti, Defendant-Appellant-Respondent.


McNamee Lochner P.C., Albany (Bruce J. Wagner of counsel), for appellant-respondent.
Law Office of Howard Benjamin, New York (Howard Benjamin of counsel), for respondent-appellant.
Law Offices of Rosemary Rivieccio, New York, (Rosemary Rivieccio of counsel), attorney for the children.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered May 9, 2018, which, to the extent appealed from as limited by the briefs, after a custody trial, awarded defendant father residential custody of the children with permission to relocate to Lodi, Italy, until the youngest child attains the age of eight, at which time the children shall relocate to the New York metropolitan area, provided that plaintiff mother still works there, unanimously modified, on the law and the facts, to vacate the decretal directive that the children relocate to the New York metropolitan area when the youngest child attains the age of eight, and otherwise affirmed, without costs.
The award of residential custody of the children to defendant has a sound and substantial basis in the record (see Matter of Salena S. v Ahmad G., 152 AD3d 162 [1st Dept 2017]). Upon consideration of all the relevant factors, the court properly concluded that, while the evidence demonstrated that both parties were fit and loving parents, the children's best interests would be served by remaining with defendant. Defendant acted as the children's primary caregiver, getting them ready for school and feeding them dinner, while plaintiff was often unavailable, choosing to absent herself from the home at the expense of spending time with the children (see Matter of Ivan J. v Kathryn G., 164 AD3d 1151 [1st Dept 2018]).
The decision to permit defendant to relocate to Lodi, Italy, also has a sound and substantial basis in the record. Contrary to plaintiff's contention, the factors set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]) do not govern this matter, because there was no prior custody order at the time of defendant's relocation, and the court properly considered relocation as one factor in determining the child's best interests (see Matter of Michael B. [Lillian B.], 145 AD3d 425, 430 [1st Dept 2016]). The children had already spent a substantial portion of their childhood in Lodi, where they attended school, and they were surrounded by defendant's family, who provided emotional and practical support.
The court however should not have directed that the children return to New York when the youngest child attains the age of eight. The court concluded that relocation at that point would be in the children's best interests based on their ages and "international pedigree." However, the court's reasoning is not so "compelling as to warrant the attendant [further] disruption of the children's lives" (Matter of Lawrence C. v Anthea P., 79 AD3d 577, 579 [1st Dept 2010]; see also Matter of Eason v Bowick, 165 AD3d 1592, 1593 [4th Dept 2018], lv denied 32 NY3d 912 [2019] [this provision "impermissibly purports to alter the parties' custodial [*2]arrangement automatically upon the happening of a specified future event without taking into account the child(ren's) best interests at that time"] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK